(No. 4087— )

ORBIE LAUDERDALE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 24, 1949.*

ROY A. PTACIN, Attorney for Claimant.

HON. GEORGE F. BARRETT, Attorney General, and HON. C. ARTHUT NEBEL, Assistant Attorney General, for Respondent.

ECKERT, C. J.

On January 9, 1948, the claimant, Orbie Lauderdale, a stationary fireman, was employed by the respondent at the Manteno State Hospital. While working in the basement of the power plant, laying six inch soil pipes, one of the pipes, six feet in length, fell on his left hand, crushing three fingers. Claimant was immediately taken to the employees' hospital, where his hand was treated and X-rays were taken.

At the time of the accident, the claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this State, and notice of the accident and claim for compensation were made within the time provided by the Act. The accident arose out of and in the course of claimant's employment.

Claimant's earnings for the year immediately preceding his injury were $2,977.25, making an average weekly wage of $57.25. At the time of the injury, he had one child under sixteen years of age dependent upon him for support. Claimant's compensation rate is therefore $19.50 per week. No claim is made for medical, surgical or hospital services, or for temporary disability. Claimant, however, did receive $260.00 for four weeks non-productive time, which was an overpayment of $182.00. This latter amount must be deducted from any award made in this case.

Claimant seeks an award for complete functional loss of use of his index, middle and ring fingers. Dr.

Albert C. Fields, testifying on claimant's behalf at the hearing before Commissioner Young, stated that he examined claimant on April 24, 1948. At that time he found that:

"His (claimant's) left hand, index finger, disclosed a thickening at the middle phalangeal joint. There was an absence of the original fingernail which has been replaced by a new nail which is slightly irregular in outline. The finger is held in a hyper-extended position at the distal phalangeal joint. In other words, it is tipped back a little bit. On active motion he brings his fingertips to about two and a half or three inches of the palm. Actively there is no flexion in the distal or mid joint. He is unable to spread his index and middle finger voluntarily. His middle finger is held in a deformed position; hyper-extension of the mid-phalangeal joint. There is a limitation of extension in the distal phalanx amounting to about thirty-five degrees. Actively he brings the fingertips to about two or three inches of the palm. There is no voluntary flexion in the middle or distal phalangeal joint. He also has a new nail on the finger.

"The ring finger, he brings the fingertip to within a half an inch of the palm and flexion is confined to the proximal and mid joint. There is no flexion in the distal phalangeal joint."

Dr. Fields stated, on the basis of this examination of claimant, including X-rays, that claimant had suffered a complete functional loss of use of his index, middle and ring fingers.

Dr. Julius Grueneberg, who is employed as a physician and surgeon at the Manteno State Hospital, testifying on behalf of the respondent, stated that he had treated claimant immediately after the accident. He had also examined the X-rays. Dr. Grueneberg completely concurred in the findings of Dr. Fields in that claimant had suffered a complete functional loss of use of the three fingers.

From this testimony, from the X-rays which form part of the record, and from the report of Commissioner Young, who personally observed claimant's fingers at the hearing, it is clear that claimant has sustained permanent and complete loss of use of his first, second and

third fingers of the left hand. For the permanent and complete loss of use of his left first finger, claimant is entitled to $19.50 per week for 40 weeks, or the sum of $780.00. For the permanent and complete loss of use of his left second finger, claimant is entitled to $19.50 per week for 35 weeks, or the sum of $682.50. For the permanent and complete loss of use of his left third finger, claimant is entitled to $19.50 per week for 25 weeks, or the sum of $487.50.

A. M. Rothbart of Chicago, Illinois, was employed to take and transcribe the evidence at the hearing before Commissioner Young. Charges in the amount of $35.50 were incurred for these services, which charges are fair, reasonable and customary.

An award is therefore entered in favor of A. M. Rothbart in the amount of $35.50, which is payable forthwith.

An award is also entered in favor of the claimant, Orbie Lauderdale, in the aggregate amount of $1,950.00, from which must be deducted the excessive payment for non-productive time in the amount of $182.00, leaving a balance of $1,768.00, payable to him as follows:

$1,131.00, which has accrued, is payable forthwith;
637.00 is payable in weekly installments of $19.50 per week, beginning February 25, 1949, for a period of 32 weeks, with an additional final payment of $13.00.

This award is subject to the approval of the Governor as is provided in Section 3 of ''An Act concerning the payment of workmen's compensation to State employees.''